UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN WAYNE MOORE, <br><br> Plaintiff, <br><br> v. <br><br> KUMAR, et al., <br><br> Defendants. | Case No. 21-cv-04037-LB <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

# INTRODUCTION

John Wayne Moore, an inmate at Salinas Valley State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 3.)[1] His complaint is now before the court for review. This order finds that the complaint has several deficiencies and requires Mr. Moore to file an amended complaint.

# STATEMENT

Mr. Moore alleges the following in his complaint: Dr. Williams and Dr. Vaid withheld treatment necessary for Mr. Moore's multiple sclerosis on three separate occasions. These doctors are under the supervision of Chief Medical Officer Kumar. This resulted in Mr. Moore being

---

[1] Citations are to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 21-cv-04037-LB

admitted to an outside hospital on each occasion. Staff also failed to administer certain medications. Mr. Moore states that these actions led to the advancement of the disease. (ECF No. 1 at 3.)

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate

ORDER – No. 21-cv-04037-LB

2

indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id*. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

The complaint fails to state a claim upon which relief may be granted against any defendant. While Mr. Moore alleges a serious medical need, he has not presented sufficient allegations to show deliberate indifference. He must provide more information and describe the treatment that defendants withheld, the approximate date of these incidents and how the denial of treatment violated his rights. It is insufficient to only state that treatment was withheld without describing the treatment.

In his amended complaint, Mr. Moore must also link each defendant to his claims. He must not refer to them as a group (e.g., "staff"); instead, he must identify each involved defendant by name and explain what each person did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). He must identify the defendants that failed to administer certain medications and describe how their actions demonstrated deliberate indifference to his health. If Mr. Moore wants to name a supervisor as a defendant, he must allege (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the

ORDER – No. 21-cv-04037-LB

3

supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Those persons in charge, such as the chief medical officer, have no § 1983 liability based merely on the fact that they employ the alleged wrongdoer.

## CONCLUSION

The court dismisses the complaint with leave to amend. Mr. Moore must file an amended complaint no later than **August 9, 2021**, and it must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. The amended complaint will supersede existing pleadings and must be a complete statement of the claims, except that Mr. Moore does not need to plead again any claim that the court dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file an amended complaint by the deadline will result in the dismissal of this action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: July 7, 2021

LAUREL BEELER
United States Magistrate Judge